Case 1:21-cr-00123-JMS-KMB   Document 352   Filed 09/09/24   Page 1 of 4 PageID #: 1917

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>Princess Elizer | )<br>)<br>) Case No: 1:21-cr-00123-JMS-KMB-03<br>) USM No: 35311-509<br>) |
| Date of Original Judgment: 10/28/2022<br>Date of Previous Amended Judgment:<br>*(Use Date of Last Amended Judgment if Any)* | )<br>) Denise Turner (prior)<br>) *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 09/09/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Jane Magnus-Stinson, District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:21-cr-00123-JMS-KMB |
| ) | |
| ) | |
| PRINCESS ELIZER (03), ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant Princess Elizer (03) has filed a Motion to Reduce Sentence based on USSC Amendment 821. [336].[1] Ms. Elizer was convicted of conspiracy to commit mail fraud and conspiracy to commit money laundering. [253]. She received a sentence of 41 months. [Id]. She seeks a relief under Amendment 821, seeking a 2 point reduction in base offense level. [336]. The Government has filed a Response in Opposition in which it asserts she is ineligible because the amendment does not apply to Ms. Elizer. [351].

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's guideline range has been lowered subsequent to her sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at

---

[1] The Court appointed the Indiana Federal Community Defender to represent Ms. Elizer. [344]. Counsel was later granted leave to withdraw. [348]. Ms. Elizer was afforded an opportunity to supplement her petition following the withdrawal [349], which she did not.

827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. Id. at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. Id. at 827.

Beginning and ending with the step one analysis under *Dillon*, the Court agrees with the United States that Ms. Elizer is ineligible for resentencing. Ms. Elizer did not receive criminal history points so the Court must determine whether Ms. Elizer qualifies under the first time offender or zero criminal history point amendment. In Part B to Amendment 821, the Sentencing Commission added what now appears in U.S.S.G. § 4C1.1(a), providing a two-offense level reduction for many offenders who have zero criminal history points (subject to several exceptions). In pertinent part, the adjustment applies if "the defendant did not receive any criminal history points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1). Although Ms. Elizer did not receive any criminal history points, [218 at ¶60], that is not the end of the inquiry. Ms. Elizer must meet all of the § 4C1.1(a) criteria, and she does not as she received an adjustment because the victims were vulnerable. [Id. at ¶¶40,41]; U.S.S.G. § 4C1.1(a)(9). Alternatively, relief is precluded because Ms. Elizer personally caused financial hardship. U.S.S.G. § 4C1.1(a)(6). The record evidence showed some of the victims lost substantial portions of their retirement. [Id.]

For the foregoing reasons, Ms. Elizer's Motion to Reduce Sentence [336] is **DENIED.**

IT IS SO ORDERED.

Date: 9/9/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

<u>By U.S. Mail to:</u>
Princess Elizer
Reg. No. 35311-509
RRM New York
201 Varick Street
Room 849
New York, NY 10014

Nicholas J. Linder
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
nick.linder@usdoj.gov

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
maryann.mindrum@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov